IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CR 08 38

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. No. ___________ |
| v. | ) | |
| | ) | Violations: 26 U.S.C. § 7202; 18 U.S.C. |
| PATRICK CROWE, Defendant. | ) | § 664 |

FILED
APR 14 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, PATRICK CROWE, have reached the following agreement:

1. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges the Defendant with two counts of theft from an employee benefit plan, in violation of 18 U.S.C. § 664 (Counts I and II); and two counts of failure to truthfully account for and pay over withheld federal payroll taxes, in violation of 26 U.S.C. § 7202 (Counts III and IV).

2. In exchange for Defendant's waiver of indictment and plea of guilty:

a. The government will recommend that the Court impose the lowest term of imprisonment for the offense level determined by the Court under the United States Sentencing Guidelines. However, the government is not bound to recommend probation or a "split-sentence" if such is permitted under the guidelines. The government reserves the right to recommend any sentence up to and including the mandatory maximum sentence in the event that the defendant files a motion for a downward departure or a sentence below the advisory guidelines range.

b. For purposes of determining the offense level, the government agrees to recommend a 2 or 3 level reduction in the offense level, whichever is applicable, for acceptance of

responsibility under §3E1.1 of the guidelines.

c. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate. With respect to restitution, Defendant agrees to pay the balance owed by him to Blue Cross Blue Shield of Rhode Island, United Healthcare, Drew Oil, and CSC Payroll Services for services they rendered to Dean Transportation Services and C-Line Inc. during the time period set forth in the Information. In the event of a disagreement between the Government and the Defendant as to the amount of restitution owed, Defendant agrees to pay the amount of restitution ordered by the Court.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant and the government stipulate to the following guidelines calculations:

A. The total amount of loss associated with this case, including relevant conduct, is more than $120,000 but less than $200,000 as set forth in U.S.S.G. § 2B1.1(b)(F), which includes, but is not limited to the following:

a. $96,949.32 in withheld federal income taxes and FICA taxes for employees of Dean Transportation Services, Inc.;

b. $30,430.20 in withheld federal income taxes and FICA taxes for employees of C-Line, Inc.;

c. $14,505.51 in withheld ERISA funds for employees of Dean Transportation Services;

d. $18,622.11 in withheld ERISA funds for employees of C-Line

Transportation Services.

4. The maximum statutory penalties for the offense(s) to which Defendant is pleading guilty are as follows:

COUNTS I-II (18 U.S.C. § 664): 5 years imprisonment, a fine of up to $250,000.00 or twice the amount of gain or loss, a term of supervised release of up to 3 years, and a mandatory special assessment of $100.00.

COUNTS III-IV (26 U.S.C. § 7202): 5 years imprisonment, $250,000.00 fine or twice the amount of gain or loss, a term of supervised release of up to 3 years, and a mandatory special assessment of $100.00.

Accordingly, if these sentences were imposed consecutively, defendant faces up to 20 years imprisonment, a total maximum fine of $1,000,000.00, a term of supervised release of up to 12 years, and a $400.00 mandatory special assessment.

5. Defendant agrees that, after defendant and counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the fine and of the special assessment.

6. Defendant understands that defendant has the following rights:

a. to be represented by an attorney at every stage of the proceedings against him;
b. to persist in a plea of not guilty;
c. to be tried by a jury;
d. to have counsel assist at trial;
e. to confront and cross-examine witnesses;
f. to call witnesses on his own behalf; and
g. to testify on his own behalf, if he wishes, but also the right against self-incrimination and that he, therefore, could not be forced to testify.

Defendant further understands that, by pleading guilty, defendant gives up the right to a

trial.

7. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

9. Except for paragraphs 2 and 3 above, the parties have made no agreement concerning the application of the guidelines in this case.

10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not

bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

11. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within or below the guidelines range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all its obligations under the agreement, does not engage in any conduct constituting obstruction of justice under §3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw its guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced him to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

15. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to his client, and states that to the best of his knowledge and belief, Defendant understands the agreement and accepts its terms.

16. Defendant states that it has read the agreement or has had the agreement read to him, has discussed it with counsel, understands it, and agrees to its provisions.

PATRICK CROWE
Defendant

2-8-08
Date

JEFFREY PINE
Counsel for Defendant

2/8/08
Date

ADI GOLDSTEIN
Assistant U.S. Attorney

4/14/08
Date

STEPHEN G. DAMBRUCH
Chief, Criminal Division

4/14/08
Date